WIERSMA *v.* NORDELLA.

Vendor and Purchaser—Foreclosure—Default—Fraud—Mistake.

> That vendor, relying on advice of real estate dealer instead of consulting attorney, mistakenly thought that contract provided for payments for release of lots in addition to semi-annual payments, while in fact contract provided otherwise, *held*, not to entitle her to foreclosure decree for default, where there was no fraud, no mutual mistake, no estoppel on part of vendees, contract is unambiguous, and under its terms vendees have prepaid substantial amount.

Appeal from Kent; Dunham (Major L.), J. Submitted October 21, 1932. (Docket No. 189, Calendar No. 36,754.) Decided December 6, 1932.

Bill by Jacoba Wiersma against Walter M. Nordella and others to foreclose a land contract. Decree for defendants. Plaintiff appeals. Affirmed.

*Eerde W. Hoogsteen,* for plaintiff.

*Willis B. Perkins, Jr.,* for defendants.

Fead, J. The action is for foreclosure of a land contract. The question is whether, on construction of the contract, defendants are in default in payments.

The instrument, dated April 7, 1928, provides that the defendant should plat the property into 273 lots and offer them for sale. The consideration was $60,000, of which $6,000 was paid down. The contract was drafted with the understanding that the

vendees must rely largely on sales to make payments. The controversy involves the language:

"The remaining $54,000, the sum secured by this contract, together with interest on the whole sum ·that shall be from time to time unpaid $2,000, on the 7th day of October, 1928, and $2,000 each six months thereafter; the .full balance aforesaid to be paid in 10 years from date. Second parties further agree to plat said property into not less than 273 lots of approximately 6,250 square feet each and agree to record said plat, offer said lots for sale and to pay first party, to apply on payments above specified, one-third of the monthly payments received after the down payment upon sales upon contract and 75 per cent. of the sales price of all lots sold for cash or in which a deed is given the purchaser.

"The interest mentioned above shall be at the rate of six per cent. per annum, from April 7, 1928, and computed semi-annually. Principal or interest not paid when due shall bear interest until paid at six per cent. per annum."

The contract further provides that plaintiff is to execute a deed to a lot when she shall have received $250 from payments on the lot or 75 per cent. of the cash purchase price, equal to or over $250.

Plaintiff construes the contract as requiring payment of $2,000 and interest each six months, and, in addition, $250 for each lot released. Defendants' construction is that the semi-annual payments are $2,000, to cover both interest and principal, and that the $250 per lot released is to be applied thereon.

The release clause affords a margin of over $14,000 above the balance of the contract. Sixty-two lots were sold and $15,500 paid plaintiff. Other sums were paid so that, under defendants' construction, the instalments have been prepaid in the sum of over $6,000.

The contract was drafted by defendants' attorney, who, however, called plaintiff's attention to its provisions and urged that she have it examined by her own representative. Instead of an attorney she consulted a real estate agent who advised her that the provisions were in accordance with her present contention. The difference of construction was manifested at the due date of the first payment, when a controversy arose which has continued to the present time.

There was no fraud in the transaction. There was no mutual mistake warranting reformation. The mistake was unilateral, caused by plaintiff relying upon a real estate agent for legal advice instead of consulting an attorney. Nor do we find the elements of estoppel or practical construction by the parties preventing defendants from taking their present position. The contract is not ambiguous. Defendants' construction is correct.

The decree is affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.